UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 25-CR-20236-RUIZ/LOUIS

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 545
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1957
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

BEATRIZ EUGENIA HERNANDEZ,
CARLOS MATHIAS GONZALEZ, and
ESTEBAN HERNANDEZ,

      Defendants.

_____/



FILED BY____ BM ____D.C.

May 22, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### *The Co-Conspirators and Related Business Entities*

1.     ADMET, LLC ("ADMET"), formerly known as ADESSA, LLC, was a Florida limited liability company headquartered in Miami-Dade County, in the Southern District of Florida.

2.     THE BINOMIAL COMPANY, LLC ("THE BINOMIAL COMPANY"), was a Virginia limited liability company that operated in Miami-Dade County, in the Southern District of Florida, and elsewhere.

3.      TRIAGONO SAS ("TRIAGONO") was a Colombian simplified stock corporation that shipped goods from Colombia to Miami-Dade County, in the Southern District of Florida.

4.      Co-conspirator 1 resided in Colombia and owned and operated TRIAGONO.

5.      Co-conspirator 2 resided in Colombia and was an employee of TRIAGONO.

6.      Co-conspirator 3 resided in Colombia and was an employee of TRIAGONO.

7.      The defendant, **BEATRIZ EUGENIA HERNANDEZ**, was a resident of Miami-Dade County. **BEATRIZ EUGENIA HERNANDEZ** owned and operated ADMET.

8.      The defendant, **CARLOS MATHIAS GONZALEZ**, was the Chief Financial Officer of ADMET and owned and operated THE BINOMIAL COMPANY.

9.      The defendant, **ESTEBAN HERNANDEZ**, resided in Miami-Dade County.

*Gold Purchasers*

10.      Company 1 was a Florida limited liability company headquartered in Miami-Dade County, in the Southern District of Florida, that was in the business of refining and purchasing precious metals, including gold.

11.      Company 2 was a Florida corporation headquartered in Miami-Dade County, in the Southern District of Florida, that was in the business of refining and purchasing precious metals, including gold.

*Financial Institutions*

12.      Bank 1 was an American multinational finance company headquartered in New York City and incorporated in Delaware with branches located in the Southern District of Florida. **BEATRIZ EUGENIA HERNANDEZ** owned and controlled a Bank 1 account in the name of ADMET ending in 5905.

13.     Bank 2 was an American bank holding company headquartered in Birmingham, Alabama with branches located in the Southern District of Florida. **BEATRIZ EUGENIA HERNANDEZ** and **CARLOS MATHIAS GONZALEZ** co-owned and co-controlled a Bank 2 account ending in 7453.

14.     Bank 3 was an American bank holding company headquartered in Charleston, West Virginia and Fairfax, Virginia. **CARLOS MATHIAS GONZALEZ** owned and controlled a Bank 3 account in the name of THE BINOMIAL COMPANY ending in 4614.

15.     Bank 4 was a Colombian full-service financial institution that operated in Colombia among other countries. TRIAGONO controlled a bank account ending in 3771 at Bank 4.

### *Relevant Scientific Terminology and Compounds*

16.     "Au" is the symbol for the metal gold in the periodic table of elements.

17.     "Cu" is the symbol for the metal copper in the periodic table of elements.

18.     A "metallic alloy" is a mixture of different types of metal atoms, where the atoms of one or more metallic elements are joined by metallic bonding.

19.     "Auricupride" is a naturally occurring alloy that combines copper and gold, with the chemical formula reflecting three copper atoms bonded with one gold atom: $Cu_3Au$.

### *Regulations Governing the Importation and Sale of Gold in the United States*

20.     The United States Customs and Border Protection ("CBP") was a federal agency within the United States Department of Homeland Security that was responsible for, among other things, regulating and facilitating international trade, collecting import duties, and enforcing U.S. trade laws, including with respect to the importation of gold.

21.     CBP's mission included supervising the importation of gold to prevent criminal activity, including but not limited to illegal mining and money laundering.

22.     A person importing gold that was not bullion was required to declare the gold item in accordance with Title 19 of the Code of Federal Regulations, including with respect to the invoicing requirements set forth in Title 19, Part 141.

23.     The regulations set forth in Section 11.13 of Title 19 provided that articles which bear, or the containers which bear, false designations of origin, or false descriptions or representations, including words or other symbols tending falsely to describe or represent the articles, are prohibited for importation under 15 U.S.C. 294, 295, 296, 1124, 1125, or 48 U.S.C. 1405q, and shall be detained.

24.     In addition, dealing in gold was regulated by Title 31 of the Code of Federal Regulations and the Bank Secrecy Act, as well as its implementing regulations set forth in Sections 103.140, 1027.210, and 1027.400 of Title 31, among others, which regulated financial institutions and dealers in precious metals, stones, and jewels. These regulations  focused on reporting, record-keeping, and anti-money laundering measures, including reporting currency transactions exceeding $10,000 and suspicious activity related to the purchase or sale of precious metals, including gold.

25.     Furthermore, certain regulations administered by the Office of Foreign Assets Control, including regulations set forth at Title 31, Part 500 *et seq.*, prohibited gold originating in, or brought from, certain countries to enter the United States.

26.     As such, while there was no duty on gold coins, medals, or bullion, an importer of gold was required to correctly report and invoice imported gold to CBP, in order for CBP to determine that such gold was a permissible import into the United States.

<u>COUNT 1</u>
**Conspiracy to Commit Offenses Against the United States**
**(18 U.S.C. § 371)**

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around December 2018, and continuing through on or about July 15, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BEATRIZ EUGENIA HERNANDEZ,**
**CARLOS MATHIAS GONZALEZ, and**
**ESTEBAN HERNANDEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with Co-conspirator 1, Co-conspirator 2, Co-Conspirator 3, and others known and unknown to the Grand Jury:

a.      to knowingly and willfully, and with intent to defraud the United States, smuggle and clandestinely introduce into the United States, from a place outside thereof, any merchandise, that is, pure gold packaged, disguised, and labeled as, among other things, "electric connectors," "electric items," "parts and accessories for hydraulic pumps," and "electric plug-ins," which should have been invoiced, in violation of Title 18, United States Code, Section 545; and

b.      to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of CBP and its administration, oversight, and regulation of gold importations into the United States.

<u>PURPOSE OF THE CONSPIRACY</u>

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (a) smuggling and clandestinely introducing gold disguised as,

among other things, electric parts composed of auricupride, into the United States for the purpose of evading reporting requirements; (b) impairing, impeding, obstructing, and defeating CBP's ability to make proper inquiries regarding the imported gold, including  whether the imported gold was legitimately sourced or, rather, the proceeds of some illicit activity which would have prohibited its importation; and (c) extracting pure gold from the imported parts, melting the extracted gold into gold bars, and reselling to dealers of precious metals located in the United States and within the Southern District of Florida.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included the following, among other things:

4.      **BEATRIZ EUGENIA HERNANDEZ**, through ADMET, received shipments from Co-conspirator 1 and Co-conspirator 2 through their company TRIAGONO in Colombia via Miami International Airport ("MIA"). The shipments Co-conspirator 1 and Co-conspirator 2 sent to **BEATRIZ EUGENIA HERNANDEZ** contained metal components in TRIAGONO-branded boxes that TRIAGONO described in its shipping documents as "electric connectors," "electronic parts," or "hydraulic pump parts and accessories."

5.      Co-conspirator 1 and Co-conspirator 2, as well as others acting through TRIAGONO, included multiple packages in the shipments to **BEATRIZ EUGENIA HERNANDEZ**, with some of the packages falsely labeled as containing electric connectors that were made of "auricupride alloy." The packages did not contain metal components that were made of auricupride alloy as claimed on the attending documentation. Rather, the boxes contained donut-shaped metal components with high-purity gold cylinders that were fitted into the center of the component, often painted bronze to conceal that the gold cylinder was separate

from the larger piece of metal. The photographs below depict, on the left, a component with an inlaid gold ring whose paint has been scratched off, and, on the right, a seized collection of inlaid gold cylinders from a shipment made by TRIAGONO to "ADMET LLC," c/o "Mrs. Beatriz E Hernandez":



6.      Upon receiving the shipments, **BEATRIZ EUGENIA HERNANDEZ** and her conspirators, including **CARLOS MATHIAS GONZALEZ** and **ESTEBAN HERNANDEZ**, removed the inner gold cylinder from the so-called "electrical components" and then consolidated the inner gold cylinders into gold bars. Neither TRIAGONO nor **BEATRIZ EUGENIA HERNANDEZ** ever declared the gold in the packages shipped to **BEATRIZ EUGENIA HERNANDEZ** by TRIAGONO.

7.      Once the gold was melted down, **BEATRIZ EUGENIA HERNANDEZ** and her conspirators, including **CARLOS MATHIAS GONZALEZ**, sold the resulting gold through ADMET and THE BINOMIAL COMPANY to gold merchants and refiners in the Southern

District of Florida and elsewhere. In total, **BEATRIZ EUGENIA HERNANDEZ**, **GONZALEZ**, and their conspirators received approximately $24,628,943.24 in payments from gold sales connected to TRIAGONO's shipments to **BEATRIZ EUGENIA HERNANDEZ** between in or around December 2018 and in or around May 2022.

## OVERT ACTS

In furtherance of the conspiracy, at least one of the conspirators committed and caused to be committed, in Miami-Dade County, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about March 13, 2019, **BEATRIZ EUGENIA HERNANDEZ** received a shipment at MIA from TRIAGONO containing 46 kilograms of what TRIAGONO labeled as "electric connectors" with no declared gold.

2. On or about March 14, 2019, **BEATRIZ EUGENIA HERNANDEZ** sent a message via the messaging service WhatsApp to **ESTEBAN HERNANDEZ** stating in Spanish, "Fueron 3.486,1 gramos en 159 piezas, con promedio pieza de 21,93 gramos[.] Pureza .998 como es usual," which in English translates to approximately, "There were 3,486.1 grams in 159 pieces, with an average per piece of 21.93 grams. Purity 0.998 as usual."

3. In response to **BEATRIZ EUGENIA HERNANDEZ**'s March 14th message, **ESTEBAN HERNANDEZ** responded that same day by noting, among other things, that "[i]t lost 10 penny weight just in the melt."

4. On or about September 16, 2020, when a gold buyer began requesting paperwork showing the gold was properly declared when imported, **ESTEBAN HERNANDEZ** expressed his concern to **BEATRIZ EUGENIA HERNANDEZ** about their gold shipments in a WhatsApp exchange:

| Time (UTC) | From | To | Message |
|---|---|---|---|
| 2:38:37pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "Problem i see is that it isn't in auricupride alloy" |
| 2:38:39pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "It says so" |
| 2:39:02pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "But it's really just au and cu" |
| 2:39:05pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "Not combined" |
| 2:39:10pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "Just separate" |
| 5:46:22pm | BEATRIZ EUGENIA HERNANDEZ | ESTEBAN HERNANDEZ | "The piece is made of both" |
| 5:46:35pm | BEATRIZ EUGENIA HERNANDEZ | ESTEBAN HERNANDEZ | "Mainly cu" |
| 5:46:48pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "There is no alloy of combined au and cu" |
| 5:46:54pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "We both know this" |
| 5:47:00pm | BEATRIZ EUGENIA HERNANDEZ | ESTEBAN HERNANDEZ | "Remember the au also has other metals it is not 100% au" |
| 5:47:01pm | BEATRIZ EUGENIA HERNANDEZ | ESTEBAN HERNANDEZ | "There is the big cu ring" |
| 5:47:08pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "Oh right" |
| 5:47:19pm | ESTEBAN HERNANDEZ | BEATRIZ EUGENIA HERNANDEZ | "But like .4 percent" |
| 5:47:28pm | BEATRIZ EUGENIA HERNANDEZ | ESTEBAN HERNANDEZ | "Like .10" |

| Time (UTC) | From | To | Message |
|---|---|---|---|
| 5:47:49pm | **ESTEBAN HERNANDEZ** | **BEATRIZ EUGENIA HERNANDEZ** | "Ok" |
| 5:48:03pm | **ESTEBAN HERNANDEZ** | **BEATRIZ EUGENIA HERNANDEZ** | "I get it" |
| 5:48:05pm | **ESTEBAN HERNANDEZ** | **BEATRIZ EUGENIA HERNANDEZ** | "Makes sense" |
| 5:49:00pm | **BEATRIZ EUGENIA HERNANDEZ** | **ESTEBAN HERNANDEZ** | "And we import 87kg of material" |
| 5:49:11pm | **BEATRIZ EUGENIA HERNANDEZ** | **ESTEBAN HERNANDEZ** | "Only 4.5 is au" |

5.      On or about February 13, 2021, **CARLOS MATHIAS GONZALEZ** opened a Bank 3 account ending in 4614 in the name of THE BINOMIAL COMPANY.

6.      On or about February 13, 2021, **BEATRIZ EUGENIA HERNANDEZ** wrote via WhatsApp message to **CARLOS MATHIAS GONZALEZ**, regarding the Bank 3 account ending in 4614, in Spanish, "no digas q vas a comprar de Colombia. Solo di q vas a comprar partes electricas y reciclar los metals q incluye metals preciosos," which in English translates to approximately, "Don't say you're going to buy from Colombia. Just say you're going to buy electrical parts and recycle metals, including precious metals."

7.      On or about March 1, 2021, **BEATRIZ EUGENIA HERNANDEZ** wrote via WhatsApp message to **CARLOS MATHIAS GONZALEZ**, "One payment is for $77565.22" and "Second payment $83,547.05" before providing ADMET's Bank 2 account information for the account ending in 7453.

8.      On or about September 30, 2021, **BEATRIZ EUGENIA HERNANDEZ** added **CARLOS MATHIAS GONZALEZ** to a WhatsApp chat that included operators of TRIAGONO, including Co-conspirator 1, Co-conspirator 2, and Co-conspirator 3.

9.      On or about September 30, 2021, **CARLOS MATHIAS GONZALEZ** messaged **BEATRIZ EUGENIA HERNANDEZ**, Co-conspirator 1, Co-conspirator 2, and Co-conspirator 3, among others, with a photograph of gold cylinders consistent with those concealed in the shipments sent from TRIAGONO to ADMET, with the photograph captioned by **GONZALEZ** in Spanish, "Confirmo peso para las 243 piezas," which in English translates to approximately, "I confirm weight for the 243 pieces."

10.     On or about December 1, 2021, **CARLOS MATHIAS GONZALEZ** messaged **BEATRIZ EUGENIA HERNANDEZ** via WhatsApp, among other things, that Company 2 "is selling rn [i.e., right now]" and that "$176,887.55 Is our pay out."

11.     On or about May 7, 2022, conspirators operating in TRIAGONO shipped six large boxes of what they declared to be "electrical connectors" to **BEATRIZ EUGENIA HERNANDEZ** in Miami-Dade County, via MIA. The packing slip for three of those boxes falsely and fraudulently stated that the boxes contained "pieces in auricupride alloy" when the boxes in fact contained concealed gold rings inset within the metal components, which interfered with CBP's lawful ability to regulate the importation of gold.

12.     On or about May 10, 2022, Co-conspirator 3 informed **BEATRIZ EUGENIA HERNANDEZ**, **CARLOS MATHIAS GONZALEZ**, Co-conspirator 1, Co-conspirator 2, and others via WhatsApp, in Spanish, "La carga de Admet LLC esta a la espera de inspeccion por el CBP en Bodegas de Amarican Airlines Miami," which in English translates to approximately, "Admet LLC's cargo is awaiting CBP inspection at the American Airlines Miami warehouse."

13.     On or about May 10, 2022, **BEATRIZ EUGENIA HERNANDEZ** communicated via WhatsApp with **CARLOS MATHIAS GONZALEZ**, Co-conspirator 1, Co-conspirator 2, Co-conspirator 3, and others, "Hay un Hold. No la liberaron ayer," which in English translates to approximately, "There's a hold. They didn't release it yesterday."

14.     On or about May 11, 2022, **CARLOS MATHIAS GONZALEZ** attempted to secure the packages shipped on or about May 7, 2022, from CBP on behalf of **BEATRIZ EUGENIA HERNANDEZ**.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Attempted Smuggling of Goods into the United States
### (18 U.S.C. § 545)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From on or about May 10, 2022, and continuing through on or about May 11, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BEATRIZ EUGENIA HERNANDEZ and
CARLOS MATHIAS GONZALEZ,**

did knowingly and willfully, with the intent to defraud the United States, smuggle, attempt to smuggle, and clandestinely introduce, into the United States, from a place outside thereof, any merchandise, that is, 191 gold pieces inset within metal components, which should have been invoiced, in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT 3
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From in or around December 2018, and continuing through on or about May 11, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BEATRIZ EUGENIA HERNANDEZ and
CARLOS MATHIAS GONZALEZ,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with Co-conspirator 1, Co-conspirator 2, Co-Conspirator 3, and other persons known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

      a.    to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

      b.    to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is smuggling goods into the United States, in violation of Title 18, United States Code, Section 545, as provided by Title 18, United States Code, Section 1956(c)(7)(D).

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 4-6**
**International Promotional Money Laundering**
**(18 U.S.C. § 1956(a)(2)(A))**

      1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

      2.    On or about the dates specified as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

13

**BEATRIZ EUGENIA HERNANDEZ and**
**CARLOS MATHIAS GONZALEZ,**

to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, as set forth below:

| COUNT | DEFENDANT(S) | APPROX. DATE | DESCRIPTION OF TRANSACTION |
|-------|--------------|--------------|----------------------------|
| 4 | **BEATRIZ EUGENIA HERNANDEZ** | March 10, 2020 | Wire transfer of approximately $195,000 from a Bank 1 account controlled by ADMET in the Southern District of Florida to a Bank 4 account controlled by TRIAGONO in Colombia. |
| 5 | **BEATRIZ EUGENIA HERNANDEZ** | September 14, 2020 | Wire transfer of approximately $147,250 from a Bank 1 account controlled by ADMET in the Southern District of Florida, to a Bank 4 account controlled by TRIAGONO in Colombia. |
| 6 | **BEATRIZ EUGENIA HERNANDEZ and CARLOS MATHIAS GONZALEZ** | April 19, 2022 | Wire transfer of approximately $61,850 from a Bank 2 account controlled by ADMET in the Southern District of Florida, to a Bank 4 account controlled by TRIAGONO in Colombia. |

It is further alleged that the specified unlawful activity is smuggling goods into the United States, in violation of Title 18, United States Code, Section 545, as provided by Title 18, United States Code, Section 1956(c)(7)(D).

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

<u>COUNTS 7-9</u>
**Engaging in Transactions in Criminally Derived Property**
**(18 U.S.C. § 1957)**

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specified as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BEATRIZ EUGENIA HERNANDEZ and**
**CARLOS MATHIAS GONZALEZ,**

did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, that is, smuggling goods into the United States, in violation of Title 18, United States Code, Section 545, pursuant to Title 18, United States Code, Section 1956(c)(7)(D):

| COUNT | APPROX. DATE | DESCRIPTION OF TRANSACTION |
|-------|--------------|----------------------------|
| 7 | March 1, 2021 | Wire transfer of approximately $77,565.22 from THE BINOMIAL COMPANY's Bank 3 account to ADMET's Bank 2 account. |
| 8 | March 1, 2021 | Wire transfer of approximately $83,547.05 from THE BINOMIAL COMPANY's Bank 3 account to ADMET's Bank 2 account. |

| COUNT | APPROX. DATE | DESCRIPTION OF TRANSACTION |
|:-----:|:------------:|---------------------------|
| 9 | December 7, 2021 | Wire transfer of approximately $175,422 from THE BINOMIAL COMPANY's Bank 3 account to ADMET's Bank 2 account. |

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **BEATRIZ EUGENIA HERNANDEZ**, **CARLOS MATHIAS GONZALEZ**, and **ESTEBAN HERNANDEZ**, have an interest.

2.      Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18, United States Code, Section 545, as alleged in this Indictment, the defendants shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any merchandise introduced into the United States as a result of such offense, pursuant to Title 18, United States Code, Section 545.

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956 and 1957, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2)(B), 545, and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████████

FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
ZACHARY A. KELLER
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO.: 25-CR-20236-RUIZ/LOUIS

v.
BEATRIZ EUGENIA HERNANDEZ,                  **CERTIFICATE OF TRIAL ATTORNEY**
CARLOS MATHIAS GONZALEZ, and
ESTEBAN HERNANDEZ,              /            **Superseding Case Information:**
          Defendants.                        New Defendant(s) (Yes or No) _____
                                             Number of New Defendants _____
**Court Division** (select one)              Total number of new counts _____
    ☑ Miami    ☐ Key West    ☐ FTP
    ☐ FTL      ☐ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take ___7___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                 (Check only one)
    I    ☐  0 to 5 days              ☐ Petty
    II   ☑  6 to 10 days             ☐ Minor
    III  ☐  11 to 20 days            ☐ Misdemeanor
    IV   ☐  21 to 60 days            ☑ Felony
    V    ☐  61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Judge _____ Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
    If yes, Judge Darrin P. Gayles    Case No. 22-20347-CR-GAYLES

9.  Defendant(s) in federal custody as of N/A

10. Defendant(s) in state custody as of N/A

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
    Zachary A. Keller
    Assistant United States Attorney
    SDFL Court ID No.  A5502767

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   BEATRIZ EUGENIA HERNANDEZ

**Case No**: _____

Count #: 1

Conspiracy to Commit Offenses Against and to Defraud the United States

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Attempted Smuggling of Goods into the United States

Title 18, United States Code, Section 545
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: ___ BEATRIZ EUGENIA HERNANDEZ _____

**Case No**: _____

Counts #: 4-6

International Promotional Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

Counts #: 7-9

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   CARLOS MATHIAS GONZALEZ

**Case No**:

Count #: 1

Conspiracy to Commit Offenses Against and to Defraud the United States

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Attempted Smuggling of Goods into the United States

Title 18, United States Code, Section 545
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:    CARLOS MATHIAS GONZALEZ

**Case No**:

Count #: 6

International Promotional Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

Counts #: 7-9

Engaging in Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or Twice the Value of the Property Involved in the Transaction, Whichever is Greater

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: ___ ESTEBAN HERNANDEZ _____

**Case No**: _____

Count #: 1

Conspiracy to Commit Offenses Against and to Defraud the United States

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**